## The Lorenzo D. Baker.

*(District Court, D. Massachusetts.  August 12, 1885.)*

COLLISION—STEAM-SHIP—SCHOONER—FOG—SPEED—CAPE COD.

On examination of the evidence in this case, *held,* that the steam-ship was not going at an immoderate speed at the time of the collision with the schooner, and that the libel should be dismissed, but without costs.

In Admiralty.

*J. C. Dodge & Sons,* for libelant.

*C. T. Russell, Jr.,* and *Geo. A. King,* for claimant.

NELSON, J.  This collision between the schooner Dresden and the steam-ship Lorenzo D. Baker happened in a thick fog, some 15 miles off the coast of Cape Cod, between Highland and Nauset lights, on the morning of the eleventh of September, 1884. At and for some time before the collision the fog was so dense that a vessel could not be seen more than a hundred yards off. The Dresden was on a voyage from Shulee, Nova Scotia, to New York, with a cargo of piles. She was close-hauled on the wind, on the starboard tack, with the wind moderate from S. E. by S., her course being about due east. The steamship Lorenzo D. Baker was on a voyage from Port Antonio, Jamaica, to Boston, with a cargo of fruit. She sailed from Port Antonio on September 3d. On the evening of September 10th she encountered thick fog. Up to that time her speed during the voyage, under both steam and sail, had been some eight or nine knots. As she entered the fog her sails were taken in, and she was slowed to one bell, and she continued to run at that reduced rate during the night, but stopping every half hour to sound. Her last sounding before the collision was taken about 20 minutes after 6 o'clock of the morning of the 11th. Before she had again fully recovered her ordinary half-speed, the Dresden was seen over her port bow, moving directly across her bow. Her engines were instantly reversed at full speed, and her wheel put hard to port. This saved the Dresden from being run down, but did not prevent a collision. She struck the steamer at about right angles, end on, on the port side, near the fore-rigging. The Dresden was badly damaged. The Baker suffered no injury. No fog-horn was heard on the steamer from the Dresden. The only fault attributed to the steamer was that she was not going at a moderate speed.

Upon the foregoing facts, which are admitted or clearly proved, I am unable to come to the conclusion that the Baker's rate of speed was immoderate. She could not have been going more than four or five miles an hour; hardly faster than a fast walk on land. Undoubtedly, to those on the schooner, she seemed to be coming on with great velocity. But their view of her was but for a moment before the crash, and, in the excitement caused by the impending calamity, they were in no condition to form an accurate and reliable judgment. The steamer was not bound to lie to, or come to an anchor. Her duty was to keep a good lookout, and to move slowly, both of which she did. *The Johns Hopkins,* 13 Fed. Rep. 185.

In considering the case, I have rejected the evidence of the chief engineer and assistant engineer of the Baker. They were called by the libelants, and testified that the steamer's engines were out of order and could not be reversed promptly, and were not moving backward at the time of the collision. They have since left the employment of the claimants. Their hostility to the claimants was apparent, and sufficient, in my judgment, to throw discredit on their statements. I have no doubt, from the other evidence in the case, that the order to reverse was given, and was promptly and successfully obeyed.

Having decided that the steamer was without blame, it is unnecessary to consider the faults alleged by the steamer against the Dresden,—that she changed her course, and failed to sound a sufficient fog-horn. Under the circumstances, I do not think the claimants ought to recover costs.

Libel dismissed, without costs.